PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KARLA JENKINS, | ) |
| Plaintiff, | ) CASE NO. 1:17CV1115 |
| v. | ) JUDGE BENITA Y. PEARSON |
| KEY BANK, N.A., *et al.*, | ) |
| Defendant. | ) **MEMORANDUM OF OPINION AND ORDER** [RESOLVING ECF NOs. 4, 6, & 7] |

## I. Background

*Pro se* Plaintiff Karla Jenkins has filed this fee-paid action against Key Bank, N.A. (Key Bank); Manley, Deas & Kochalski and James Bitterman; and Clifford Pickney of the Cuyahoga County Sheriff's Department. Her Amended Complaint (ECF No. 3) pertains to a state mortgage foreclosure action Key Bank brought against Leila Shiozawa relating to property located at 510 Jeanette Drive in Richmond Heights, Ohio. *See KeyBank N.A. v. Leila Shiozawa*, Case No. CV-16-872750 (Cuyahoga County Ct. of Common Pleas). According to the docket in the state court case, the Magistrate entered a decree of foreclosure in Key Bank's favor on March 24, 2017, which the state court adopted on April 13, 2017. On May 30, 2017, the subject property was sold at public auction by the Cuyahoga County Sheriff's Department.

Plaintiff filed this federal action challenging the foreclosure. She alleges that on April 7, 2017, she "accepted a quitclaim deed" for the property that allowed her to intervene as a third party in the foreclosure action (ECF No. 3 at PageID #: 24), although there is no indication on the

(1:17CV1115)

state court docket that she actually intervened in that case. Plaintiff contends the loan to Shiozawa was fraudulent, that the foreclosure complaint was fraudulent, and that the Sheriff's Department conspired to commit fraud and theft against the plaintiff's rights in selling the property (apparently because the property was sold after she filed a "Notice of Lis Pendens and Notice of Action Pending" in state court, purporting to indicate she had filed litigation against Key Bank). *See id.* and Ex. B.

In an amended complaint, Plaintiff alleges the following claims: violation of 42 U.S.C. § 1983 and conspiracy in violation of 42 U.S.C. § 1985 (Counts 1- 3), "malicious abuse of process" (Count 4), conspiracy in violation of 18 U.S.C. §§ 241 and 242 (Count 5), intentional infliction of emotional distress (Count 6), mail fraud (Count 7), and fraud (Count 8). For each claim, Plaintiff seeks $50,000 in damages.

Key Bank and Defendants Bitterman, Cuyahoga County Sheriff's Department, and Pickney have filed motions to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 4 & 6. Plaintiff has responded to the motions with her own "Motion," in which she asks that the Court not dismiss the Complaint. ECF No. 7.

For the reasons stated below, Defendants' motions to dismiss are granted with respect to Plaintiff's federal claims, Plaintiff's "motion" in opposition is denied, and the case is dismissed.

## II. Standard of Review

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim on which relief can be granted. In deciding a motion to dismiss, the Court must presume the complaint's factual allegations are true, draw all reasonable inferences in favor of the

(1:17CV1115)

non-moving party, and determine whether the complaint presents "enough facts to state claim to relief that is plausible on its face." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.

Although *pro se* pleadings generally are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989). Thus, to survive a dismissal under Rule 12(b)(6), a *pro se* complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011).

### III. Discussion

Upon review of Defendants' motions, the Court finds that Plaintiff has failed to allege any plausible federal claim on which relief may be granted.

To state a federal civil rights claim under 42 U.S.C. § 1983, a complaint must allege "that there was the deprivation of a right secured by the Constitution" and "that the deprivation was caused by a person acting under color of state law." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). A claim under § 1985(3) requires a plaintiff to demonstrate a conspiracy "for the purpose of depriving, either directly or indirectly, any person or class of

3

(1:17CV1115)

persons of the equal protection of the laws, or of equal privileges or immunities of the laws. *Vakilian v. Shaw*, 335 F.3d 509, 518–19 (6th Cir. 2003). In addition, the acts which are alleged to have deprived a plaintiff of equal protection in a conspiracy claim must also result from class-based discrimination. *Id*.

Plaintiff's amended complaint, even construed liberally, fails to allege any discernible, plausible federal constitutional claim. The counts pertaining to purported civil rights claims under §§ 1983 and 1985 do not allege any specific constitutional violation other than that Defendants allegedly denied her "rights" with the intent to deny her equal protection of the law. *See* ECF No. 3 at PageID #: 27-28. Plaintiff, however, has no plausible equal protection claim as she has not alleged facts that plausibly suggest Defendants intentionally discriminated against her on the basis of her membership in a protected class. *See Moniz v. Cox*, 512 F. App'x 495, 500 (6th Cir. 2013) (holding that to sustain a claim under § 1985(3), a claimant must prove both membership in a protected class and discrimination on account of it); *Deleon v. Kalamazoo County Road Com'n*., 739 F.3d 914, 918 (6th Cir. 2014) ("[t]o state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class") (quotation omitted). Therefore, Plaintiff has not alleged a plausible claim for relief under either § 1983, or § 1985.

Plaintiff has also failed to allege any plausible claim for relief for "conspiracy" in violation of 18 U.S.C. §§ 241 and 242. As Key Bank correctly asserts in its motion, those statutes are federal *criminal* statutes that do not provide a basis for civil liability. *See Krajicek v.*

(1:17CV1115)

*Justin*, Case No. 98-1249, 1999 WL 195734, at *1 (6th Cir. Mar. 23, 1999) (holding that 18 U.S.C. §§ 241-242 do not provide a basis for civil liability).

Likewise, Plaintiff has failed to allege any plausible federal civil claim against any defendant for mail fraud, as no private right of action exists under the federal mail fraud statute. *See Ryan v. Ohio Edison Co.*, 611 F.2d 1170 (6th Cir. 1979).

In that the Court finds Plaintiff's amended complaint fails to allege on its face any plausible federal claim on which relief may be granted for all of these reasons, the Court grants Defendants' motions to dismiss with respect to all of Plaintiff's federal claims.

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir.1996); *see also* 28 U.S.C. § 1367(c)(3) (stating that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction").

In this case, the Court finds that Plaintiff's remaining state law claims should be dismissed without prejudice as the Court does not find circumstances exist that would warrant exercising supplemental jurisdiction over those claims at this early juncture. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (exercising supplemental jurisdiction over state law claims may be warranted where the plaintiff engaged in forum manipulation, discovery was complete, or motions for summary judgment were ripe for decision).

(1:17CV1115)

## IV.  Conclusion

Accordingly, for the reasons stated above, Defendants' motions to dismiss (ECF Nos. 4 and 6) are granted with respect to Plaintiff's alleged federal claims, Plaintiff's "motion" in opposition (ECF No. 7) is denied, and Plaintiff's remaining state law claims are dismissed without prejudice.

    IT IS SO ORDERED.

 December 22, 2017                  */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                             United States District Judge